In Re LIQUIDATION OF EXCHANGE BANK

Ohio Appeals, 6th Dist., Williams Co.

No. 161. Decided May 2, 1927.

**126. BANKS & BANKING**—A bank desiring to become depository for public moneys, issues bond secured by their directors as sureties thereon, the bank then through its directors voted securities of the bank to indemnify themselves—held such a contract is no more than one among themselves individually with themselves as directors and is therefore a nullity.

First Publication of this Opinion

RICHARDS, J.

The State Exchange Bank of Stryker was taken over for liquidation in April, 1926, by the State Superintendent of Banks. Inventories were filed in the Williams Common Pleas, pursuant to statute. Thereafter an application by the Superintendent was filed in the case to require Walter L. Stubbs to deliver certain securities claimed to belong to the bank.

The Williams Common Pleas adjudged Stubbs as Trustee, and that his associates were entitled to an equity in these securities to indemnify them for certain liability which they had assumed, and from that decsion the State appealed to this court.

The evidence discloses that the Bank had four promissory notes of the par value of $80,810.00 secured on real estate; but the real value was not stated. The Bank was desirous of becoming a public depository but the School Board and others refused to deposit money unless proper security was furnished. The bureau of accounting had ordered that new bonds be given before and more money was deposited and if same were not complied with that the money already deposited be returned.

After full consideration of the matter, it was determined by, the bank that the only feasible way for the bank to qualify as a depository of the firms was for the directors to execute bonds to the village and board of education and to secure the persons so signing such bonds.

Thereupon bonds in due form of law were executed by the bank with Walter L. Stubbs and his associates as sureties thereon, and the promissory notes and mortgage already mentioned were pledged to Stubbs as trustee, to indemnify the sureties on the bonds, and were in fact delivered to him and placed by him in a safety deposit box. The Court of Appeals held:

1. This agreement, providing for the pledging of notes and the mortgage securing the same, amounting to $80,810.00, was undertaken to be made by the directors of the bank individually contracting with themselves as directors.

2. It was assumed to be accomplished by the adoption of a resolution, each of the seven directors voting for the adoption of the resolution. By the terms of the resolution the bank was to transfer to W. L. Stubbs as trustee for the benefit of the directors, the notes and mortgage, the trustee Stubbs himself being one of the seven directors.

3. As already stated this was no more than a contract made by themselves individually with themselves as directors, and it requires no citation of authorities to show that such a contract is a nullity for the simple reason that there were not two contracting parties.

4. Such a contract, so-called, could not lawfully remove from the possession of the bank the notes and mortgage securing the same, and it would be as impossible for the directors in undertaking to contract with themselves to accomplish any result as it would be for them to undertake to lift themselves over a fence by their bootstraps.

5. Authorities have been cited sustaining the proposition that an official of a bank who

becomes surety for funds to be deposited in the bank, may be protected by the bank, even to the extent of transferring to the surety securities owned by the bank, but we know of no authority which holds that the entire board o fdirectors may accomplish such a result by contracting with themselves as individuals.

Decree for State Supt. of Banks.

(Williams & Lloyd, JJ., concur.)

Attorneys—Edward C. Turner, Atty. Gen., L. F. Laylin; J. A. Godown and C. F. Carlin, Columbus, for State; Edwin C. Peck, Bryan and Winn & Goller, Defiance, for Bank.