## COMMERCIAL BANKING & TRUST CO Exr v TENANTS REALTY CO et

Ohio Appeals, 6th Dist, Erie Co.
No 317. Decided May, 1930

King, Ramsey & Flynn, Sandusky, for Commercial Banking & Trust Co.
Young & Young, Norwalk, for Realty Co.

WILLIAMS, J.

All the directors at the meeting which passed the resolution authorizing the execution of the leases were interested parties and there were lacking two contracting parties necessary to the execution of a valid contract. **In re Liquidation of State Exchange Bank of Stryker, 26 Ohio App., 142.** The directors occupied a fiduciary relation toward the stockholders, and when we consider that the leases in question were executed at a time when it was anticipated that the property would be sold for a considerable sum in excess of the amount paid for it, and that the directors caused to be executed to themselves leases which would yield six percent to the tsockholders on the price paid by The Tenants Realty Company when it purchased the building, and that within four months thereafter it was sold for more than twice the amount originally paid for it, and that the obvious purpose in executing the leases was so that large amounts might be obtained as bonuses when leases were surrendered on the sale of the property, we are of the opinion that the leases are invalid and that the plaintiff is entitled to have the full amount of $200,-000.00, received as the purchase price of the building, distributed as assets of the corporation. The directors of a corporation, as trustees of the stockholders, are bound to act in the interest of such stockholders and protect their rights in good faith.

It is claimed, however, by the defendants, that the plaintiff has waived its rights. Under the provisions of 8623-72 GC., dissenting shareholders who shall vote against a proposal for the sale of the company's property, may object thereto within twenty days and demand in writing payment of the fair cash value of his shares and the corporation is required within thirty days after receipt of such demand, unless it is withdrawn with the consent of the corporation, to pay to such shareholder upon surrender of his certificate or shares, the fair cash value thereof as of the date before such vote was taken. In the instant case such demand was made but was withdrawn with the consent of the corporation. In our judgment after such withdrawal, the rights of the shareholder are restored and he may enforce such rights by proper action. To hold that plaintiff could not maintain its action because of the demand made, would be to hold that after withdrawal of the demand, with the consent of the corporation, the owner of the stock did not have the rights of a shareholder. This court is of

394

the opinion that such a conclusion is not warranted and that when the corporation consented to the withdrawal, the rights of the shareholder were fully restored and such shareholder is entitled to have the assets of the corporation distributed according to law and equity.

A decree will therefore be enforced in behalf of the plaintiff, granting it relief as a shareholder as prayed for.

Lloyd and Richards, JJ., concur.