

For full opinion see 6 OO 274; 52 Oh Ap 158.

## BOHANNON v TAYLOR et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15068.  Decided April 23, 1936

Calfee & Fogg, Cleveland, for plaintiff in error.

Charles S. Wachner, Cleveland, and Malcolm & Molner, Cleveland, for defendants in error.

## OPINION

By ROSS, PJ.

The principal case relied upon by plain-

tiff in error is that of DuPont et v DuPont et, 256 Fed.. 129. A perusal of the third syllabus of this case develops immediately a substantial basis upon which that case is distinguished from the present case under consideration. That the court in considering the reationship of majority to minority stockholders recognized the obligations resting upon a director or officer who deals with matters in which the corporation as a whole has a vital interest. The court, at pages 184, 185 quotes from Clark on Corporations:

"Nor can the holder of a majority of the stock of a corporation so conduct and manage its affairs in their own interest, or in the interest of others as to oppress the minority, or commit a fraud upon their rights. If they attempt to do so, a court of equity will, in a proper case, grant relief, at the suit of the minority. However, the judgment of the majority is not lightly to be set aside, and fraud or oppression must clearly appear. 'The holders of a majority of stock of a corporation may legally control the company's business, prescribe its general policy, make themselves agents, and take reasonable compensation for their services But, in thus assuming the control, they also take upon themselves the correlative duty of diligence and good faith. They cannot lawfully manipulate the company's business in their own interests, to the injury of other stockholders.' It is not every question of mere administration or of policy in which there is a difference of opinion among the shareholders that gives the minority a right to claim that the action of the majority is oppressive, and to come into a court of equity for relief. Generally, the will of the majority must govern, if its action is within its corporate powers. 'The court', it was said in a New York case, 'would not be justified in interfering, even in doubtful cases, where the action of the majority might be susceptible of a different construction. To warrant the interposition of the court in favor of the minority shareholders in a corporation or joint stock association, as against the contemplated action of the majority, where such action is within the corporate powers, a case must be made out which plainly shows that such action is so far opposed to the true interests of the corporation itself as to lead to the clear inference that no one thus acting could have been influenced by an honest desire to secure such interests, but that he must have acted with an intent to subserve some outside purpose, regardless of the consequences to the company, and in a manner inconsistent with its interests."

The actions of the plaintiff in error are patent and bold, and from these very characteristics he seeks to clothe his conduct with the cloak of integrity. The manifest purposes prompting his conduct are, however, powerful enough to strip from him this garment. So denuded, he presents the spectacle of one using his powers as an officer and director for selfish objects completely antagonistic to the interests of the corporation and in direct opposition to a course and plan of procedure definitely embarked upon by the corporation for its general benefit.

The eyes of a court of chancery may not be closed by mere technical adherence to strict legal procedure, where it is also apparent that by the use of such pharisaical conduct the equally substantial principles of equity have been flouted and ignored. Equity will always penetrate the guise of legality to find the presence of inequity and injustice.

The Bendix-Bohannon contract coupled with the concurrent and subsequent distribution of the assets of the corporation, meeting the entire cost of the transaction to Bohannon, resulting in his acquisition of the Bendix stock and complete control of the corporation, even to the extent of compelling it to work against its own interest in this litigation presents a situation calling for action by a court of chancery, producing the result which should have been accomplished had the offending party the slightest appreciation of his obligations, as the responsible officer involved, to the corporation.

The Dupont case is cited in Presidio Mining Co. v Overton et, 261 Fed., 933, 961 (9th Circuit Court of Appeals). This again is a case illustrating conduct of an officer consistent with the high demands of his fiduciary character. In the 5th paragraph of the syllabus it is stated:

"The general manager of a mining company, who was also a director, in acquiring adjoining ore land, which he leased to the company, held not to have acted fraudulently, so as to create a constructive trust in favor of the company, but openly and fairly, by offering the company the benefit of his purchase, and by his purchase and lease enabling the company to continue its operation at a profit."

Again in Bisbee et v Midland Linseed Products Co., 19 Fed. (2d) · 24 (District

Court) the court considered the DuPont case. We quote paragraphs 1, 4, and 9 of the syllabus:

"Directors, officers, majority stockholders, and those in control of liquidation of corporation occupied toward corporation and stockholders, in respect to corporation's business and property, a fiduciary relation or sub modo trusteeship, and could not deal with corporation's property for their own personal benefit or advantage."

"Where officer of corporation may in his own behalf purchase stock of corporation, depends on whether it is his duty to purchase such stock on behalf of corporation.

"Directors and other officers of corporation, occupying a fiduciary relation toward corporation, are not permitted to assume positions which will bring their private interests into conflict with their corporation."

In the Virginia Act it is provided that the capital stock may be decreased by purchase of the stock for retirement. This negatives any conclusion that the corporation may not deal in its own stock as a corporate function.

We note with interest certain statements of the United States Court of Appeals for the 10th Circuit in 71 Fed. (2d) 912-918, quoting from page 918:

"Corporate entity may be disregarded where not to do so will defeat public convenience, justly wrong, protect fraud, or defend crime. Pierce v National Bank of Commerce (C.C.A. 8) 13 F. (2d) 40, 47; Boatright v Steinite Radio Corp. (C.C.A. 10) 46 F. (2d) 385, 388; Hamilton Ridge Lumber S. Corp. v Wilson (C.C.A. 4) 25 F. (2d) 592; Maloney Tank Mfg. Co. v Mid-Continent Petroleum Corp. (C.C.A. 10) 49 F. (2d) 146, 147.

"An officer or director of a corporation while not a trustee in the technical sense of the term, occupies a fiduciary relation to its stockholders with respect to corporate transactions.

"An officer or director of a corporation, in any transaction where it is his duty to guard the interests of the corporation and its shareholders, may not directly or indirectly make any profit or acquire any personal benefit or advantage not also shared by the other stockholders, but must account for and yield to his beneficiary any such profit.

"In Commonwealth T. Ins. & Trust Co. v Seltzer, 227 Pa. 410, 76 A. 77, 79, 156 Am. St. Rep. 896, the whole of the capital of the A corporation was invested in certain real estate which the B corporation desired to purchase. The president of the A corporation entered into a contract with the agent of the B corporation, whereby the agent agreed to buy from the president a majority of the stock of the A corporation. Whereupon the president and a director of the A corporation collusively purchased enough of the stock in the A corporation to gain control thereof, and delivered it to the agent in pursuance of such agreement. Thereupon the real estate was sold and deeded to the B corporation for a price not found to be inadequate.

"Certain of the stockholders, believing that the officers had so manipulated the sale of the property as to make a secret and illegal profit to themselves at the expense of their corporation, filed a bill against the president, directors, and other officers of the A corporation to recover such profits. The court said:

" 'The director of a corporation is a trustee for the entire body of stockholders, and by assuming the office he undertakes to give his best judgment in the interests of the corporation in all matters in which he acts for it, untrammeled by any hostile interest in himself or others; and all secret profits derived by him in any dealings in regard to the corporate enterprise must be accounted for to the corporation.' Bird Coal & Iron Co. v Humes, 157 Pa. 278, 27 A. 750, 37 Am. St. Rep. 727. In scrutinizing the acts of such officers, the court will not heed mere forms when the substance which lurks behind them shows profits from a dealing in the corporation property."

It is our conclusion that no error prejudicial to the plaintiff in error intervened in the judgment of the trial court, and that judgment is, therefore, affirmed.

MATTHEWS and HAMILTON, JJ, concur.

## PEERLESS CORPORATION v TAYLOR et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15069. Decided April 23, 1936

