APICELLA, APPELLEE, *v.* PAF CORPORATION ET AL., APPELLANTS.

(Nos. 47547 and 47660—Decided June 25, 1984.)

*Hertz, Kates, Friedman & Kammer, M. Colette Gibbons* and *Karl D. Kammer,* for appellee.

*Michele M. Lazzaro, Charles W. Lazzaro* and *David P. Surtz,* for appellants.

NAHRA, J. PAF Corporation ("PAF") was incorporated in April 1967, to engage in various real estate transactions. Five hundred shares were authorized at $100 per share. Theodore G. Poulos, Michael Fornaro, Jr., and Peter Apicella each purchased two shares. No other shares have been issued. Apicella, Fornaro and Poulos elected themselves as directors and elected Poulos as President, Fornaro as Vice President, and Apicella as Secretary and Treasurer. Poulos and Fornaro are brothers-in-law.

PAF purchased property located at 527 South Green Road in South Euclid.

In September 1967, PAF leased its property to Arrow Builders Supply Co. ("Arrow") for five years at $400 per month. Arrow had an option to renew the five-year lease at an annual rental to be negotiated between the parties. The record is devoid of any further lease agreements or evidence of negotiations, but Arrow has remained on the property since August 1972, on a month-to-month basis at $500 per month. Theodore Poulos and his wife own Arrow and executed the original lease agreement on Arrow's behalf as president and secretary, respectively. Peter Apicella was an employee of Arrow until May 1981.

In June 1968, Euclid Railroad Company ("Euclid Railroad") leased the property to the rear of PAF's property to PAF. PAF agreed to sublet this land, collect the rent from the sublessees, and remit fifty percent of the gross rents collected to Euclid Railroad. The lease-management agreement further provided that the term of the lease could be extended to encompass the term of any of the subleases negotiated by PAF. The lease-management agreement was executed on behalf of Euclid Railroad by Lillian Fornaro, president, and Theodore Poulos, secretary-treasurer.

When Lillian Fornaro died in 1975, her heirs terminated the lease-management agreement, but PAF was not formally notified of the termination. Euclid Railroad's property was continually used, as well as PAF's property, as a means of ingress and egress.

In May 1981, in connection with his intention to change positions and begin work with another company, Apicella was advised by letter to obtain certain documents in order to determine the value of his interest in PAF. Apicella gave a copy of this letter to Poulos who admitted that this was the first notice in writing that he had received regarding Apicella's opposition to PAF's rental policy. Letters dated October 8 and December 15, 1981, were later sent to

Poulos demanding an examination of the books and records of PAF.

On February 16, 1982, Apicella filed a shareholders' derivative action against PAF, Poulos, Fornaro and Arrow, alleging, *inter alia,* that PAF leased its property for an inadequate rental fee and that PAF failed to obtain fees from sublessees for the ingress and egress over PAF's property. Defendants denied Apicella's allegations and raised the affirmative defenses of laches, estoppel and the statute of limitations.

Trial commenced on January 20, 1983. During plaintiff's testimony, when the court learned that plaintiff was still trying to discover evidence of mismanagement regarding Euclid Railroad, the court decided to appoint a referee to take evidence and prepare a report for the court. On March 7, 1983, the referee issued his report. Plaintiff and PAF objected to the referee's report. On September 7, 1983, the trial court entered judgment for PAF in the amount of $44,813.50 for damages suffered from July 1, 1981 to the present; ordered that Apicella be permitted to examine the books and records of PAF; and ordered that Apicella recover his litigation expenses, the amount of which were to be determined at a subsequent hearing.

On September 28, 1983, the court issued a Supplemental Order which awarded Apicella $16,352.65 as fees and expenses ($15,000 for attorney fees); awarded the referee $1,800; increased Arrow's rent to $1,625 per month effective October 1, 1983; and ordered costs to be borne by Poulos and Fornaro.

All parties timely appealed. We will address appellants' assignments of error first.

## I

Appellants' first assignment of error is that:

"The trial court erred as a matter of law in finding that defendants Poulos and Fornaro breached their fiduciary duties as officers and directors to PAF Corp."

It is well-established "that directors of a corporation occupy a fiduciary relationship to the corporation and its shareholders and are held strictly accountable and liable if the corporate funds or property are wasted or mismanaged * * *." *Ohio Drill & Tool Co.* v. *Johnson* (C.A.6, 1980), 625 F.2d 738, 742; see, *e.g., United States* v. *Byrum* (1972), 408 U.S. 125, 137-138 [62 O.O.2d 180]; *Commercial Banking & Trust Co.* v. *Tenants Realty Co.* (1930), 37 Ohio App. 566. A director must perform his duties in good faith and in a manner he reasonably believes to be in the best interests of the corporation. R.C. 1701.59 (B).

Contracts or transactions allegedly involving self-dealing or interlocking dominant directors on both sides are neither void nor unenforceable *ipso facto,* but will be closely scrutinized. See *Klein* v. *Fisher Foods, Inc.* (1965), 6 Ohio Misc. 84, 89-90. R.C. 1701.60 provides, in relevant part, that:

"(A) Unless otherwise provided in the articles or the regulations:

"(1) No contract or transaction shall be void or voidable with respect to a corporation for the reason that it is between the corporation and * * * any other person in which one or more of its directors or officers are directors, trustees, or officers, or have a financial or personal interest, or for the reason that one or more interested directors or officers participate in or vote at the meeting of the directors or a committee thereof which authorizes such contract or transaction, if in any such case * * * (c) the contract or transaction is fair as to the corporation as of the time it is authorized or approved by the directors, a committee thereof, or the shareholders * * *[.]"

Therefore, when a shareholder acting on behalf of the corporation in a

shareholders' derivative action, alleges mismanagement as a result of interlocking dominant directors on both sides of a contract or transaction resulting in harm to the corporation, the burden of proof is on the directors to show that the contract or transaction is fair to the corporation. R.C. 1701.60(A)(1)(c). See, also, *States Rolling Stock Co.* v. *Atlantic & Great Western RR. Co.* (1878), 34 Ohio St. 450, 465-466; *Kirn* v. *Kraus Plumbing & Heating Co.* (1919), 12 Ohio App. 55, 59; *Klein* v. *Fisher Foods, Inc., supra;* 12 Ohio Jurisprudence 3d (1979) 81, Business Relationships, Section 425.

In the present case, the evidence demonstrates that Poulos and Arrow benefited from the unreasonably low monthly rental fees to the detriment of PAF and its shareholders. In addition, PAF was harmed by the lack of enforcement of the lease-management agreement to the extent of the uncollected monies. The trial court did not err when it concluded that appellants breached their duties to PAF and its shareholders since appellants failed to show that the rental agreement with Arrow and the inaction with regard to the lease-management agreement were fair to PAF. Therefore, appellants' first assignment of error is overruled.

## II

Appellants' second assignment of error is that:

"The trial court erred as a matter of law in failing to find plaintiff's cause of action barred by laches, estoppel or the statute of limitations."

The trial court precluded Apicella from recovering for alleged harm to the corporation from 1967 to 1981 since Apicella acquiesced to the terms of the rental agreement with Arrow and lack of enforcement of the lease-management agreement with Euclid Railroad. However, the court permitted recovery from mid-1981 based on its finding that Apicella formally dissented to his co-directors' actions. Appellants allege that Apicella's prior acquiescence and laches, with or without dissent, should bar his claim.

Directors have the duty to act in the best interests of the corporation. R.C. 1701.59(B). This necessarily includes the periodic review and evaluation of a corporation's internal and external affairs. The fact that Apicella previously acquiesced in the very acts for which he now complains will not preclude recovery therefor provided he gave notice of his dissension to the other directors. Otherwise, this court would be condoning and encouraging catatonic boards of directors, the failure to recognize and dissent to wrongdoing, and continuing harms to corporations. We cannot permit such inequitable results.

Appellants next allege that Apicella's May 26, 1981 letter did not constitute notice of his dissension. We would agree with appellants' contentions in this regard if the letter was the only evidence of a protest. However, the referee's findings indicate that Poulos admitted receiving the letter from Apicella along with Apicella's opposition to PAF's rental policy. The statutes governing corporations do not require a written notice of dissension unless action is taken at a directors' meeting. R.C. 1701.95(B). The record does not reflect a directors' meeting since the time of incorporation. Since the record indicates that Apicella conveyed his dissension, we are obliged to accept the findings of the lower court. Therefore, by appellant Poulos' admission, his receipt of the May 26, 1981 letter constituted notice of Apicella's dissension.

Appellants also argue that Apicella's lawsuit was barred by the statute of limitations. The trial court found, however, and we agree, that PAF's tenants were on a month-to-month tenancy. Therefore, each month's renewal at an unreasonably low rental

constituted a new breach of duty toward PAF and its shareholders. We need not reach the issue of whether the two-year,[1] four-year,[2] or ten-year[3] statute of limitations applies since Apicella's action was filed within approximately ten months of the date his cause of action accrued. For all of the above reasons, appellants' second assignment of error is overruled.

### III

Appellants' third assignment of error is that:

"In its determination of damages to PAF Corp., the trial court erred as a matter of law and abused its discretion."

Based upon our disposition of appellants' first two assigned errors, there is no question that appellants breached their duties and that PAF was harmed. Therefore, PAF is entitled to damages. The remedy for a director's breach of duty which results in a benefit to the director at the expense of the corporation is disgorgement of profits. *Ohio Drill & Tool Co.* v. *Johnson* (C.A. 6, 1980), 625 F.2d 738, 742. We find no error in the trial court's calculation of damages based upon the evidence. In fact, at the rate of increase provided by Apicella's expert through 1982, the trial court could have awarded higher damages for nine months of 1983, assuming the same level of appreciation as indicated for the previous years.

Further, the record does not indicate that the trial court ignored appellants' expert's report. To the contrary, the court included figures from appellants' expert's report in its opinion. The weight to be accorded this evidence, however, is for the trier of fact. *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77, 82 [40 O.O.2d 87]. It was

---

[1] See R.C. 1701.95(E).

[2] See R.C. 2305.09(D).

[3] See R.C. 2305.14.

within the trial court's prerogative to believe Apicella's expert rather than appellants' expert's report. This assignment of error is overruled.

### IV

Appellants' fourth assignment of error is that:

"The trial court abused its discretion, exceeded its authority, and erred as a matter of law in determining and/or setting the present rental value for corporate property."

A court will not interfere in the internal administration of the affairs of a corporation unless the board of directors has willfully abused its discretion or has been guilty of bad faith or a neglect of duty. *Schuckman* v. *Rubenstein* (C.A.6, 1947), 164 F.2d 952, 957; *Menke* v. *Gold Medal Oil Co.* (1933), 47 Ohio App. 180, 185. Once this has been shown, a court is limited to entering a judgment against the directors or compelling the directors to remedy their actions, but the court should not institute the action itself. Cf. *Schuckman, supra,* at 957 (the court itself cannot declare a dividend). In this case, the trial court set the amount of rent to be charged Arrow in the future thereby exceeding its authority. The trial court can order the board to set a fair rental fee, but the court itself cannot determine the amount. Accordingly, this assignment of error is sustained.

### V

Appellants' last assignment of error is that:

"The trial court abused its discretion in awarding the court-assigned referee the sum of $1,800.00 for his time spent in hearing this matter and in taxing said sum as costs, which costs were ordered to be borne by defendants Poulos and Fornaro."

It is within the discretion of the trial court to fix the amount of compensation of a referee. Civ. R. 53(B). The trial court's determination of $100 per hour

does not constitute an abuse of discretion. Therefore, appellants' last assignment of error is overruled.

## VI

Apicella and PAF have appealed the award of attorney fees, contending respectively, that:

"The trial court erred in awarding only $15,000.00 in attorneys' fees to counsel for plaintiff who had prevailed in a derivative shareholders['] action when the testimony and the overwhelming weight of the evidence indicated that an award of at least $235,575.00 was appropriate."

"The court abused its descretion [sic] in awarding plaintiff's counsels [sic] any fees for the reason that said counsels [sic] failed to sustain their burden of proof by showing by a preponderance of the evidence all of the elements necessary to prove the reasonableness of their fees in order to afford the court, without speculation, to make a judgement [sic] as to reasonableness of fees to be awarded."

Attorney fees are recoverable in shareholders' derivative actions. *Truman* v. *Coghlin Machinery & Supply Co.* (1919), 11 Ohio App. 220, 225. The amount to be fixed as attorney fees is within the discretion of the trial court based upon the evidence and will not be reversed absent a clear abuse of discretion. *Ramey* v. *Cincinnati Enquirer, Inc.* (C.A.6, 1974), 508 F.2d 1188, 1196, certiorari denied (1975), 422 U.S. 1048. Based upon the evidence in this case, we conclude that the trial court did not abuse its discretion in awarding $15,000 to Apicella's attorneys. Accordingly, these assignments of error are overruled.

The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part, and cause remanded.*

JACKSON, P.J., and PRYATEL, J., concur.