UNITED STATES of America, Plaintiff,

v.

**Ronald W. SKEDDLE, et al., Defendants.**

No. 3:95CR736.

United States District Court,
N.D. Ohio,
Western Division.

Sept. 11, 1996.

Thomas Karol, Robert W. Kern, Assistant United States Attorneys, for plaintiff.

Brendan V. Sullivan, Jr., Barry S. Simon, Stuart G. Nash, Williams & Connolly, Washington, DC, for Darryl J. Costin.

Robert Gold, Gold & Wachtel, for Ronald W. Skeddle.

Richard A. Hibey, Gordon A. Coffee, Winston & Strawn, Washington, DC, for Edward B. Bryant.

Gerald A. Messerman, Kevin M. Norchi, Messerman & Messerman, Cleveland, OH, for David Herzer.

John E. Martindale, Martindale & Brzytwa, Cleveland, OH, Niki Z. Schwartz, Gold, Rotatori & Schwartz, Cleveland, OH, for John Corsaro.

Sander Schwartz, Cook, Riley, Smith, Nace, Schwartz, Cleveland, OH, for Floyd Trouten.

J. Michael Murray, Berkman, Gordan, Murray & DeVan, Cleveland, OH, for David Hobe.

John Czarnecki, Cooper, Straub, Walinski & Cramer, Toledo, OH, for Clarence Martin.

John J. Callahan, Secor, Ide & Callahan, Toledo, OH, for John Purser.

## ORDER

CARR, District Judge.

This is a criminal case in which the defendants are charged with mail and wire fraud, money laundering, and tax evasion. The charges are based on several incidents of undisclosed self-dealing by three of the defendants (Skeddle, Costin, and Bryant) (the defendants), who at the time of the transactions were senior officers of Libbey–Owens–Ford Company (LOF). The government alleges that those activities violated the defendants' fiduciary duties to LOF and caused LOF to lose several million dollars.

Throughout the course of this case, the defendants have contended that they cannot be held criminally culpable for any undisclosed self-dealing if the transactions were "fair" to LOF. On June 12, 1996, I ordered the defendants to brief the question of which side has the burden of proof on the question of the fairness of the transactions to LOF.

In their briefs in response to that order, the defendants argue that the government has the burden of proving that the transactions were unfair. (Docs. 282, 329). The government, on the other hand, argues that the fairness of the transactions is neither an element of nor a defense to the mail or wire fraud charges. (Doc. 317).

For the reasons that follow, I conclude that the unfairness of the transactions is not an element of the charges against the defendants. The government, consequently, need not produce proof in its case-in-chief that the transactions were unfair to LOF.

If the defendants desire to produce evidence showing that the transactions were fair, I presently anticipate that they will be permitted to do so. If the fairness of the transactions provides an affirmative defense, they shall have the burden of proving that defense.

### 1. The Elements of Mail Fraud

The indictment alleges, *inter alia*, that the defendants "did knowingly and willfully devise and intend to devise a scheme and artifice to defraud" LOF, "and to obtain money and property by means of false and fraudulent pretenses, representations, and promises;" their "scheme and artifice to defraud LOF deprived LOF of its intangible rights to the honest services of its employees, defendants Skeddle, Costin, Bryant, and Purser;" and they "breached their fiduciary duties to LOF as imposed by Ohio law." (Doc. 232, at 50–51).

Historically, "circuit courts consistently held that 'scheme to defraud' encompassed two general categories. The first category includes those schemes that seek to deprive others of money or tangible property rights. The second category includes schemes to defraud others of their 'intangible rights,'" Gagliardi, *Back to the Future: Federal Mail and Wire Fraud Under 18 U.S.C. § 1346*, 68 Wash.L.Rev. 901, 904 (1993), which included the "right to honest services."

■ In the instant prosecution, the indictment charges that the defendants committed both types of mail fraud (*i.e.*, engaging in schemes to: a) defraud LOF of its money or property, and b) deprive LOF of the honest services of its employees).[1] Despite the differences between these two theories in many other cases, I am persuaded, for purposes of this order, that the elements the government must prove under both theories are essentially the same: a breach of fiduciary duty with intent to cause economic harm to LOF where such harm was reasonably foreseeable.

■ Thus, the scheme to defraud LOF of its money or property, as I understand the

---

1. Although in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), the Supreme Court invalidated convictions based on the intangible rights theory where no harm had been done to the victim, subsequent enactment by Congress of 18 U.S.C. § 1346 appears to have restored the status quo with regard to the charges based on alleged deprivation of honest services. Gagliardi, *supra*, 68 Wash.L.Rev. at 913 ("[t]he plain language of the amendment undoubtedly restores coverage of those cases involving the service of public and private fiduciaries").

substance of the allegations, involved the defendants' failure to disclose their interest in the transactions, rather than any affirmative material misrepresentations of fact by them. Because the "scheme to defraud of property or money" counts are based on what was not said (*i.e.*, omissions), the defendants are culpable under this branch of the mail fraud statute only if the government proves the defendants had a duty to disclose their interest in the transactions. *See California Architectural Bldg. Products, Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1472 (9th Cir. 1987) ("[a]bsent an independent duty, such as a fiduciary duty ..., failure to disclose cannot be the basis of a fraudulent scheme"). In this case, therefore, the government must show that the defendants breached one or more of their fiduciary duties with the intent to obtain property or money from LOF. *Id. Accord, United States v. Dowling,* 739 F.2d 1445, 1450 (9th Cir.1984), *rev'd on other grounds,* 473 U.S. 207, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985); *United States v. Von Barta,* 635 F.2d 999, 1005 n. 24 (2d Cir.1980); *United States v. Rabbitt,* 583 F.2d 1014, 1026 (8th Cir.1978); *Celpaco, Inc. v. MD Papierfabriken,* 686 F.Supp. 983, 993 (D.Conn.1988); *United States v. Haynes,* 620 F.Supp. 474, 480 (M.D.Tenn.1985); *United States v. Gallant,* 570 F.Supp. 303, 307, 309 (S.D.N.Y. 1983).

When the government alleges mail fraud on the basis of a deprivation of intangible rights (rather than a "scheme to defraud of property or money"), it must likewise show the defendants were fiduciaries: "[t]he basis for protection of ... intangible rights [in the mail fraud statute arises] from the existence of a fiduciary duty." Gagliardi, *supra,* 68 Wash.L.Rev. at 915. Though several formulations have been enunciated to describe the elements of proof, *id.* at 918, I will, for purposes of this opinion, use the most stringent formulation: namely, that the government must show, in addition to the existence of a fiduciary duty and its breach, reasonably foreseeable economic harm to the victim. *Id.*

■ Moreover, as I understand the element of intent, the government is required to prove that the defendants "intentionally utilize[d] their trusted position to obtain a benefit for themselves at the expense of the person [*i.e.*, LOF] whose trust is betrayed." *Id.* at 918 n. 112 (*citing United States v. Lemire,* 720 F.2d 1327, 1335 (D.C.Cir.1983)). Such intent can also be shown "by a misrepresentation or non-disclosure that is intended or is contemplated to deprive the person to whom the duty is owed of some legally significant benefit." *Lemire, supra,* 720 F.2d at 1335. *Accord, American Eagle Credit Corp. v. Gaskins,* 920 F.2d 352 (6th Cir.1990) (*quoting Bender v. Southland Corp.,* 749 F.2d 1205, 1215–16 (6th Cir.1984)) ("a scheme to defraud must involve '[i]ntentional fraud,* consisting in deception *intentionally* practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed' ").

Thus, for purposes of considering the issue of "fairness," I conclude that the government, to prevail on a charge of fraud based on deprivation of intangible rights (and, in this case, on a charge of participation in a scheme to deprive of property or money), must show that: a) the defendants breached their duties as fiduciaries; b) they intended thereby to harm LOF by obtaining LOF's property or money for themselves; and c) such harm to LOF was the reasonably foreseeable result of their breach of their fiduciary duties.

The defendants argue vigorously that, as part of its case-in-chief, the government must also show that the transactions were unfair to LOF. In making this argument, the defendants conflate the element of harm to the victim with their view of the significance of the "fairness" provision of O.R.C. § 1701.60(A)(1)(c). As discussed below, the defendants misperceive and misinterpret that state law provision.

### 2. Fiduciary Duty

■ Before discussing O.R.C. § 1701.60(A)(1)(c), another argument raised by the defendants should be addressed: namely, their contention that the government "cannot predicate the mail and wire fraud counts" on an intangible rights basis "because defendants had no duty of disclosure to LOF under Ohio law." (Doc. 282 at 12). They err: Ohio law, as discussed below, required the defendants to disclose any interest

in their dealings with LOF. When they chose not to do so, they took on themselves the burden of proving the fairness of those dealings.

The fiduciary obligations of a corporate officer or director were eloquently depicted by Justice Douglas in *Pepper v. Litton,* 308 U.S. 295, 311, 60 S.Ct. 238, 247, 84 L.Ed. 281 (1939):

> He who is in ... a fiduciary position cannot serve himself first and his cestuis second. He cannot manipulate the affairs of his corporation to their detriment in disregard of the standards of common decency and honesty. He cannot by the intervention of a corporate entity violate the ancient precept against serving two masters.... He cannot use his power for his personal advantage and to the detriment of the stockholders and creditors no matter how meticulous he is to satisfy technical requirements. For that power is at all times subject to the equitable limitation that it may not be exercised for the aggrandizement, preference, or advantage of the fiduciary to the exclusion or detriment of the cestuis.

■ In Ohio every corporate officer owes loyalty to his employer. This duty is embodied in § 1701.59(B) of the Ohio Revised Code ("[a] director shall perform his duties, ..., in good faith, in a manner he reasonably believes to be in or not opposed to the best interests of the corporation") and is recited throughout our caselaw. As stated in *Wing Leasing, Inc. v. M & B Aviation, Inc.,* 44 Ohio App.3d 178, 181, 542 N.E.2d 671 (1988), "[i]t is well-established that a corporate officer occupies a position of trust in relation to his corporation. Such relationship imposes upon directors duties in the nature of a fiduciary obligation [which includes] good faith, a duty of loyalty, a duty to refrain from self-dealing and a duty of disclosure."

■ In Ohio self-dealing[2] for personal profit at the expense of the employer violates the duty of loyalty. *See, e.g., Bohannon v. Taylor,* 52 Ohio App. 564, 570–73, 4 N.E.2d

164 (1936). The same is true when an officer violates the duty of disclosure. *See, e.g., Nienaber v. Katz,* 69 Ohio App. 153, 158–61, 43 N.E.2d 322 (1942). Under Ohio law, the Sixth Circuit stated in *Ohio Drill & Tool Co. v. Johnson,* 625 F.2d 738, 742 (6th Cir.1980), "[i]t matters not that a director acted absent actual fraudulent intent; as long as the director places himself in a position of conflicting loyalties and subsequently violates his duty of trust and benefits at the expense of the corporation, liability attaches."

The government alleges that the defendants violated their obligation of loyalty by profiting at the expense of LOF by deliberately engaging in a series of transactions with LOF and not disclosing the fact, nature, or extent of their interest in those transactions. If the government proves those allegations beyond a reasonable doubt, it will have met its burden under the mail fraud statute of proving that the defendants violated their fiduciary duty under Ohio law.

### 3. The Effect of O.R.C. § 1701.60

■ Section 1701.60(A)(1) of the Ohio Revised Code provides, in pertinent part:

> No contract, action, or transaction shall be void or voidable with respect to a corporation for the reason that it is between or affects the corporation and one or more of its directors or officers, or between or affects the corporation and any other person in which one or more of its directors or officers are directors ... or have a financial or personal interest, ..., if any of the following apply:
>
> \*    \*    \*    \*    \*    \*
>
> (c) The contract, action, or transaction is fair as to the corporation as of the time it is authorized or approved by the directors,....

As I understand their position, the defendants argue that O.R.C. § 1701.60(A)(1)(c) relieves them of the consequences of their failure to fulfill their fiduciary duties to LOF. The defendants also contend that, as a result

---

**2.** In Ohio, "self-dealing" means, *inter alia,* participating in a contract or transaction between or affecting a corporation and any person (including corporate "persons") "in which one or more

of [the corporation's] directors or officers (i) are directors, trustees or officers or (ii) have a financial or personal interest." 1 Seaver, Ohio Corporation Law 134 (1989).

of this provision, the government has the burden of proving, as one of the elements of its case, that the transactions were unfair to LOF.

In contrast to the defendants' interpretation of § 1701.60(A)(1)(c), every author and judge in this state, circuit, and district to have considered the question has allocated the burden of proof on the issue of fairness under § 1701.60(A)(1)(c) to the official who has engaged in undisclosed self-dealing or other misconduct.

The rule that a miscreant corporate officer has the burden of proving the fairness of the transaction if he is to escape the adverse consequences of his misconduct has been stated in Blackford, Ohio Corporation Law and Practice § 43.17 (1982) (citations omitted):

> The general rule is that the burden of proof is on the officer ... who engages in self-dealing with the corporation to prove the good faith of the transaction and its inherent fairness. The inherent fairness to the corporation is to be judged by an objective standard. Nondisclosure of self-dealing increases the burden to show the good faith of the transaction and its fairness. There is a minority viewpoint that has been adopted in certain federal courts that places upon the plaintiff the burden of proving the breach of fiduciary duty, except in those cases where there is proof of nondisclosure. Nondisclosure shifts the burden of proof from the issue of fiduciary duty to the defendant ... officers.

Other commentators express the same view. Burton & Rich, Ohio Corporation Law and Practice 115 (1991) ("[w]here there is

nondisclosure of the ... officer's interested status ... the burden of proving that self-dealing is not present and that the transaction was undertaken in good faith and is inherently fair to the corporation [is on] the defendant ... officer who was involved in the transaction"); [3] Seaver, *supra*, at 137 ("[t]he burden of proof of establishing that a self-dealing contract, action or transaction is fair is on the defendant"); Ohio Legal Ctr. Inst., Reference Manual For CLE Programs # 67, Corporate Law 4.13 (1971) ("[t]he burden is on the directors not only to prove the good faith of the transaction, but also to show its 'inherent fairness' from the viewpoint of the corporation and its shareholders").[4]

Law review authors likewise uniformly state that the burden belongs on the officer or director charged with violating his or her fiduciary obligations to prove the fairness of those transactions. Moody, *Statutory Solutions to Conflicts of Interest in Close Corporations*, 20 Cleve.St.L.Rev. 95, 100 (1987) ("[l]ater cases held that the sole test of validity is whether or not the transaction is fair to the corporation and that the interested director bears the burden of proving the inherent fairness of the transaction"); Bulbulia & Pinto, *Statutory Responses to Interested Directors' Transactions: A Watering Down of Fiduciary Standards?*, 53 Notre Dame L.Rev. 201, 211 (1977) (under statutes similar to O.R.C. § 1701.60(A)(1)(c) the burden of proof on the issue of fairness in cases of undisclosed self-dealing should remain as it was under the common law (i.e., on the officer)).

Without exception, Ohio courts also place the burden of proving the fairness

---

**3.** Burton & Rich also state that "[e]arly Ohio cases set forth various activities between a director or officer and his corporation which cannot be found to meet a fairness to the corporation standard, presumably even under the current requirements of § 1701.60. These include (i) the sale to the corporation of property of the director or officer for grossly overvalued amount and (ii) the purchase by an insider of a corporation's property for such an inadequate price as to present evidence of fraud or mistake." Burton & Rich, *supra* at 118 (citations omitted).

**4.** The authors of the Ohio Legal Center's Manual support their statement of the rule that self-

dealing officers bear the burden of proof on the issue of fairness with a citation to the Supreme Court's decision in *Pepper, supra*. In that case, the Court stated that an officer's

> dealings with the corporation are subject to rigorous scrutiny and where any of [his] contracts or engagements with the corporation is challenged the burden is on the director or [majority] stockholder not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein. 308 U.S. at 306, 60 S.Ct. at 245.

of a self-dealing transaction on the fiduciary who has benefited from such transaction. Thus, in *Gries Sports Ent. v. Cleveland Browns Football Co.*, 26 Ohio St.3d 15, 27, 496 N.E.2d 959 (1986), the Ohio Supreme Court stated that "[a] transaction not given protection by the business judgment rule is subject to strict scrutiny, and the directors have the burden of showing the transaction was fair."[5] In *Apicella v. PAF Corp.*, 17 Ohio App.3d 245, 479 N.E.2d 315 (1984) (syllabus, Para. 3), the court stated, "the burden of proof is on the directors to show that the contract or transaction is fair to the corporation." Likewise in *Klein v. Fisher Foods, Inc.*, 6 Ohio Misc. 84, 216 N.E.2d 647 (C.P. 1965) (syllabus Para. 1), the court held that "the directors bearing the burden of proof, must overcome the inference of unfairness, arising by reason of the self-dealing aspects of the transaction." In *Klein* the court also stated that "[t]he inference of unfairness, arising by reason of the self-dealing aspects of the transaction must be overcome by a preponderance of all the evidence, ... The burden of proof is on the defendants." *Id.* at 90, 216 N.E.2d 647.

As support for this "widely accepted rule," *id.*, the court in *Klein* cited *Hatch v. Newark Tel. Co.*, 34 Ohio App. 361, 170 N.E. 371 (1930), and *Cooper v. Central Alloy Steel Corp.*, 43 Ohio App. 455, 183 N.E. 439 (1931).[6] In *Hatch* the court stated that "because of the fiduciary character of the relation of the officers and directors to the stock-holders, and the fact that adoption of the plan is greatly to the advantage of such officers and directors, a presumption arises that but for such representations said plan would not have been adopted, and that therefore the burden is cast upon such officers and directors to disprove such presumption...." 34 Ohio App. at 378, 170 N.E. 371. Likewise, the court in *Cooper* stated that "the burden of showing that the [contract] was fair and free from taint of fraud be cast upon the defendants." 43 Ohio App. at 462, 183 N.E. 439.

Recent cases continue to place the burden of proof on the issue of fairness on directors or officers who have profited from undisclosed self-dealing. *Yackel v. Kay*, 95 Ohio App.3d 472, 480, 642 N.E.2d 1107 (1994) ("[o]ne owing a fiduciary duty by virtue of superior position must go forward with the burden of proof on the fairness of business transactions"); *Koos v. Central Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 590, 641 N.E.2d 265 (1994) (" 'the director will be required to show that the transaction was fair and reasonable to the corporation notwithstanding his or her personal interest' ") (*quoting Granada Invest., Inc. v. DWG*, 823 F.Supp. 448, 452 (N.D.Ohio 1993)); *Biggins v. Garvey*, 90 Ohio App.3d 584, 596, 630 N.E.2d 44 (1993) (failure to show fairness of undisclosed loans; directors have the burden of proof to show that a contract or transaction is fair (*citing Apicella, supra* )).

5. Under the "business judgment rule," as described in *Gries*, a director is presumed to have " 'acted in good faith and in the honest belief that the action taken was in the best interest of the company.' " Where the director relies on the business judgment rule, " '[t]he burden is on the party challenging the decision to establish facts rebutting the presumption.' " 26 Ohio St.3d at 20, 496 N.E.2d 959 (quoting *Aronson v. Lewis*, 473 A.2d 805, 812 (Del.1984)).

Because the business judgment rule acts "as a shield from liability for the *non-interested* director who exercises his best judgment," Note, *1986 Ohio Corporation Amendments: Expanding the Scope of Director Immunity*, 56 Cin.L.Rev. 663, 655 (1987) (emphasis supplied), this doctrine does not help the defendants in their effort to relieve themselves of the burden of showing that the transactions leading to their indictment were fair to the company. *Accord, Radol v. Thomas*, 772 F.2d 244, 257 (6th Cir.1985) ("[d]i-rectors owe a duty of loyalty ... and are not entitled to the discretion permitted by the business judgment rule when they are interested in a corporate ... transaction which is the subject of their business judgment").

6. The court in *Klein* also noted that "[i]n *Sterling v. Mayflower Hotel*, (1952), 33 Del.Ch. 293, 93 A.2d 107, [the] Delaware Supreme Court recognizes 'the settled rule' that directors who stand on both sides of a merger transaction 'bear the burden of establishing its entire fairness, and it must pass the test of careful scrutiny.' " 6 Ohio Misc. at 90, 216 N.E.2d 647. Even if Ohio courts had not considered the issue, the view of the Delaware Chancery court on the allocation of the burden of proof as to fairness would be persuasive, because O.R.C. § 1701.60(A)(1)(c) is "patterned after Section 144 the Delaware corporation law." Bahlman, *The 1974 Ohio Corporation Law Amendments*, 49 OBar 371, 379 (1976).

The Sixth Circuit likewise has held that under Ohio law the burden of proof is on a self-dealing director who fails to disclose his interest in a transaction. In *Ohio Drill & Tool Co. v. Johnson,* 498 F.2d 186, 195 (6th Cir.1974), the court stated that nondisclosure "shifts the burden of proof on the issue of fiduciary duty to the defendants," so that "when a cloak of secrecy is raised concealing the self-dealing transactions, the directors must prove that nothing is amiss behind the shield." In a later opinion, *Ohio Drill & Tool Co. v. Johnson,* 625 F.2d 738, 743 n. 7 (6th Cir.1980), the court reiterated, "nondisclosure ... shifted the burden of proof to [the self-dealing defendant] and required him to prove the transaction was fair" to the company.

The burden of proving fairness has likewise been placed on the self-dealing director in this District. Then Chief Judge Lambros held in *Granada Invest., Inc. v. DWG,* 823 F.Supp. 448, 456 (N.D.Ohio 1993), that "[w]here there is evidence that a director has a personal interest in the transaction, the director will be required to show that the transaction was fair and reasonable to the corporation notwithstanding his or her personal interest."

The position taken by the American Law Institute on the question of burden of proof is to the same effect. The ALI's *Principles of Corporate Governance: Analysis and Recommendations Tentative Draft No. 5* (April 15, 1986), which is "based largely on Delaware corporate law," *Gries, supra,* 26 Ohio St.3d at 31, 496 N.E.2d 959 (C. Brown, J., dissenting), states that the "senior executive has the burden of proving that the transaction is fair to the corporation."

### Conclusion

In light of the foregoing, I conclude that any defendant who contends that any breach of fiduciary obligations is excused due to the fairness of the transaction shall have the burden of going forward with evidence as to, and ultimately proving the fairness of, the particular transaction.

It is, accordingly,

**ORDERED THAT** the any defendant seeking to defend on the basis of O.R.C.

§ 1701.60(A)(1)(c) shall bear the burden of proof as to such defense.

SO ORDERED.