**UNITED STATES of America, Plaintiff,**

v.

**Ronald W. SKEDDLE, et al., Defendants.**

**No. 3:95CR736.**

United States District Court,
N.D. Ohio,
Western Division.

Sept. 19, 1996.

---

Thomas Karol, Robert W. Kern, Assistant U.S. Attys., Toledo, OH, for U.S.

Brendan V. Sullivan, Jr., Barry S. Simon, Stuart G. Nash, Williams & Connolly, Washington, DC, for Darryl J. Costin.

Robert Gold, Gold & Wachtel, Washington, DC, for Ronald W. Skeddle.

Richard A. Hibey, Gordon A. Coffee, Winston & Strawn, Washington, DC, for Edward B. Bryant.

Gerald A. Messerman, Kevin M. Norchi, Messerman & Messerman, Cleveland, OH, for David Herzer.

John E. Martindale, Martindale & Brzytwa, Niki Z. Schwartz, Gold, Rotatori & Schwartz, Cleveland, OH, for John Corsaro.

Sander Schwartz, Cook, Riley, Smith, Nace, Schwartz, Cleveland, OH, for Floyd Trouten.

J. Michael Murray, Berkman, Gordan, Murray & DeVan, Cleveland, OH, for David Hobe.

John Czarnecki, Cooper, Straub, Walinski & Cramer, Toledo, OH, for Clarence Martin.

John J. Callahan, Secor, Ide & Callahan, Toledo, OH, for John Purser.

### Order

CARR, District Judge.

This is a criminal case in which the defendants are charged with participating in a conspiracy to engage in mail and wire fraud, money laundering, and tax evasion. Pending is a motion by the defendants Skeddle, Costin, and Bryant for hearing under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). (Doc. 111). For the reasons that follow, their motion shall be denied.

The defendants challenge the basis on which I issued a search warrant on July 12, 1994, for documents in the possession of the Lorain, Ohio, law firm of Wickens, Herzer & Panza. The defendants claim the affidavit for the search warrant "was deliberately false and prepared with a reckless disregard for the truth." According to the defendants, the affidavit contained "a series of deliberately misleading omissions and assertions." (Doc. 111 at 1, 2). As a result, the defendants allege, the affidavit omitted "material exculpatory information critical to the Court's assessment of whether the warrant should have issued." *Id.* at 4.

The defendants were clients of the law firm whose offices were searched, and from which the items described in the warrant were seized. The affidavit, which was supplemented by oral testimony under oath, alleged that the defendant Skeddle, who was the chief executive of Libbey–Owens–Ford Co. (LOF), and the defendants Costin and Bryant, who were vice presidents of LOF, engaged in undisclosed self-dealing with LOF.

The self-dealing described in the affidavit involved three transactions with LOF: 1) a contract for outsourcing by LOF of data-processing activities; 2) a sale by LOF of two gas wells; and 3) the leasing by LOF of robotic equipment. Acting through other persons or corporations in which they had an interest, the defendants, according to the affidavit, were parties to those transactions. They did not, however, disclose their interest in those transactions to LOR. The affidavit also alleged that the defendants' self-dealing enabled them to obtain several million dollars from LOF. To conceal their self-dealing and hide its profits, the defendants, according to the affidavit, engaged in money laundering.

The defendants contend that the affiant should have told me several other things about them and the transactions before I considered whether to issue the warrant. In

general, the defendants assert, I should have been told that LOF entered into each transaction hoping to save or gain a lot of money, and it did, or would have done so, regardless of any misconduct on the defendants'· part.[1] With specific regard to the sale of gas wells, the defendants also assert that I should have been told that LOF had varying estimates of the worth of those properties, including estimates that would have shown that defendants' purchase price was fair and reasonable. With reference to the robotics transaction, the defendants claim that the elements and consequences of that transaction were not accurately portrayed to me.

The defendants also assert that I should have been told that Ohio law imposed no duty on them to disclose their interest in the transactions. In addition, they claim that I should have been told that there was nothing wrong with what they did because the transactions were "fair" to LOF. That being so, according to them, the provisions of O.R.C. § 1701.60(A)(1)(c) relieved them of any culpability for any misconduct. In view of all that I was not told, and in their view, had to have been told before I could properly consider whether to issue the warrant, the defendants demand a hearing to determine whether the affidavit was materially false.

In *Franks, supra,* the Supreme Court stated that:

where the defendants make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. 438 U.S. at 155–56, 98 S.Ct. at 2676–77.

Alleged omissions from an affidavit can lead to a *Franks* hearing. *See, e.g., United States v. Bonds,* 12 F.3d 540, 568–69 (6th Cir.1993). Even if information was improperly not provided, the error is harmless if the affidavit would have established probable cause when the omissions are taken into consideration. *See e.g., United States v. Zimmer,* 14 F.3d 286, 288–89 (6th Cir.1994); *United States v. Ayen,* 997 F.2d 1150, 1153 (6th Cir.1993). *United States v. Cummins,* 912 F.2d 98 (6th Cir.1990); *United States v. Campbell,* 878 F.2d 170 (6th Cir.1989).[2]

The defendants contend vigorously that they had no duty under Ohio law to disclose their interest in the transactions, and that, in any event, there was nothing unlawful about those transactions because they were "fair" to LOF. In another order in this case,[3] I have ruled that, contrary to the defendants' assertions, they, as fiduciaries, owed a duty of loyalty to LOF, and that undisclosed self-dealing violates the duty of

---

1. One alleged omission differs from the others: namely, that John Purser disputed statements attributed to him, in which Purser, according to the affidavit, was told that he would have to pay the defendant Costin a "cut" (i.e., a kickback) from Purser's profits from the data-processing outsourcing transaction. Purser, according to the affidavit, played an active role in that transaction. For purposes of this order, I assume that I should have been told that Purser disputed the statement attributed to him that Costin demanded a "cut." In view of the overwhelming showing of probable cause, this omission, even if made deliberately (which has not been shown), was absolutely immaterial. The government's opposition to the motion acknowledges a couple of errors in the affidavit. (Doc. 147 at 9–13). I agree with the government that, had those errors not occurred, the warrant still would have issued.

2. I note that the Sixth Circuit has stated that: "[w]hile omissions may not be *per se* immune from inquiry, the affirmative inclusion of false

information in an affidavit is more likely to present a question of impermissible official conduct than a failure to include a matter that might be construed as exculpatory. This latter situation potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit. The potential for endless rounds of *Franks* hearings to contest facially sufficient warrants is readily apparent." *United States v. Martin,* 920 F.2d 393, 398 (6th Cir.1990) (*quoting United States v. Colkley,* 899 F.2d 297, 301 (4th Cir.1990)). To resolve the pending motion against the defendants, it is not necessary, however, to require the defendants in this case to cross a higher threshold before their claims of improper omissions will lead to a hearing.

3. *United States v. Skeddle,* 940 F.Supp. 1146 (N.D.Ohio 1996).

loyalty. I also ruled in that order that the defendants have the burden of proof on the issue of the putative fairness of the transaction.

For purposes of this decision, I am willing to assume that at trial the defendants will be able to come forward with evidence placing the question of the fairness of the transactions sufficiently in dispute to enable that question to go to the jury. For now, however, I conclude that nothing that the defendants claim was left out of the affidavit should, could, or would have persuaded me that the transactions were fair, thereby relieving them of criminal culpability for the breaches of fiduciary duty otherwise alleged in the affidavit.

Even if LOF in fact benefited by several million dollars from the transactions, the affidavit alleges that LOF could have kept or received several million more dollars if the defendants had not participated in the transactions, or if their participation had been known by LOF. Nothing that the defendants claim I should have been told changes the allegation that, but for the defendants' misconduct, LOF would have been better off by several millions of dollars.

Any "benefit" to LOF from the transactions was immaterial if there was probable cause to believe that such benefit was significantly less than it might have been but for the defendants' undisclosed self-dealing. The affidavit, even read in conjunction with everything set forth in the defendants' briefs, supports the conclusion that LOF could have done better—and in many respects, much better—had the defendants' been true to their fiduciary obligations.

Based on any reasonable understanding of the meaning of the word "fair," I would have concluded, regardless of what more I could have learned about the facts and law, that there was probable cause to believe that the transactions were unfair,[4] thus, that the defendants were guilty of the crimes specified in the affidavit.

I would, accordingly, have issued the warrant even if the defendants' briefs in support of their motion for a *Franks* hearing (Docs. 111, 153) had been part of the affidavit when presented to me for review. Nothing in those briefs changes the showing in the affidavit that: 1) the defendants violated their fiduciary duties for their own profit by what they did and failed to do; 2) the flow of money—out for data processing services and the robotics lease, and in from the gas well sale—was thereby much different than it otherwise would have been; and 3) as a result, LOF lost millions of dollars.

In light of the foregoing, it is

ORDERED THAT the defendants' motion for a *Franks* hearing (Doc. 111) be, and the same hereby is overruled.

So ordered.

---

4. In other words, even if the government has the burden of proof on the issue of fairness (which it does not), I would have found probable cause to believe that the government, even in light of the alleged omissions, showed that the transactions were unfair to LOF.