YUHASZ et al., Appellees,

v.

MRDENOVICH et al., Appellants.

[Cite as *Yuhasz v. Mrdenovich* (1992), 82 Ohio App.3d 490.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005259.

Decided Sept. 16, 1992.

*John J. Wargo, Jr.* and *Mark Fusco,* for appellees.

*Frank S. Carlson,* for appellants.

REECE, Judge.

Defendants-appellants, Peter J. and Rita Mrdenovich ("the Mrdenoviches"), appeal the decision of the Lorain County Court of Common Pleas determining the boundaries of their property. We affirm.

Plaintiffs-appellees, Nicolas J. and Irene Yuhasz ("the Yuhaszes"), are owners of two parcels of land bordering Elyria Avenue in Elyria Township. The Mrdenoviches own the single piece of land between the Yuhaszes' properties. All of these parcels were split from a larger parcel owned by George and Ruby Cotton ("the Cottons"). In 1947, the Cottons had J.W. Warden perform the survey work needed to split their lot into parcels.

In 1988, the Yuhaszes planned to build a fence on the border of their property. To determine the location of the border, they hired Christopher Dempsey to survey their property. Dempsey's surveys found the property lines to be located differently than the parties had believed. The changes in boundary lines worked to the detriment of the Mrdenoviches.

The Yuhaszes filed suit asking the court to determine the property lines and to quiet title. After the suit was filed, the Mrdenoviches hired their own surveyor, David Elwell. He used a different technique to determine the property lines, the result of which varied substantially from Dempsey's survey.

By agreement of the parties, the case was heard by referee Kenneth Provenza. Referee Provenza found for the Yuhaszes, and the trial court adopted, over objection, his findings. The trial court also ordered the Mrdenoviches to pay costs, including referee Provenza's fees.

The Mrdenoviches then appealed the decision to quiet title and the taxing of the referee's fees as costs.

### Assignment of Error No. I

"The trial court erred in adopting the finding of the referee that the locations of the original monuments were 'not with any degree of certainty ascertainable', and concluding that the existing monuments were not the original monuments."

The trial court found, as a factual matter, that the location of the original monuments used to determine the properties' boundaries could not be ascertained. This finding was necessary to determine the proper course to be taken by the second surveyor. *Sellman v. Schaaf* (1971), 26 Ohio App.2d 35, 42, 55 O.O.2d 69, 73–74, 269 N.E.2d 60, 65–66. If the original monuments placed by the first surveyor can be ascertained, then any later deviation is decided in favor of the monuments. *Id.* at 44, 55 O.O.2d at 75, 269 N.E.2d at 67. Only if the monuments placed by the original surveyor cannot be ascertained may the second survey turn to the courses, distances, and still-existent monuments to determine the boundaries. *Id.*

In this case, the court found that the original location of the monuments could not be ascertained. The Mrdenoviches challenge this decision. In essence, they ask us to evaluate the evidence and see if it was sufficient to support a finding that the monuments found were not placed by Warden, the original surveyor. However, evaluating evidence and assessing credibility are primarily for the trier of fact. *Ostendorf-Morris Co. v. Slyman* (1982), 6 Ohio App.3d 46, 47, 6 OBR 156, 157, 452 N.E.2d 1343, 1345; *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 154, 521 N.E.2d 1099, 1100–1101.

The appropriate standard for testing the sufficiency of evidence in a civil trial was set forth in the syllabus of *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See, also, *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276; *Chemical Bank of New York v. Neman* (1990), 52 Ohio St.3d 204, 207–208, 556 N.E.2d 490, 493–495; *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 159.

We find the judgment of the trial court was supported by competent, credible evidence. In his original survey, Warden stated he used iron pins as monuments. Both Elwell and Dempsey found iron pipe and not iron pins

when they attempted to retrace Warden's survey. Further, most of the iron pipes were not located where Warden's survey had placed the iron pins.

The Mrdenoviches suggest that Warden could have confused, or mistakenly named, iron pins for iron pipes. However, the fact that the iron pipes were not found where the iron pins were located on the survey lends support to the court's findings. Adding to the likelihood that the original monuments have been moved or lost is the number of surveys in the area since Warden's survey.

Essentially, this case involved a battle of the experts. Apparently, the court accepted Dempsey's testimony. Prior to being hired by the Mrdenoviches, Elwell used the same surveying methods employed by Dempsey to determine boundaries in this area. We afford the trial court great deference in questions of credibility. Accordingly, the Mrdenoviches' first assignment of error is overruled.

Assignment of Error No. II

"The trial court abused its discretion in ordering defendant-appellants to pay all of the referee's charges."

■ In determining whether an abuse of discretion exists, a reviewing court should be guided by a presumption that the trial court was correct. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184.

"Abuse of discretion" connotes more than an error of law or judgment, as it implies that the court's attitude is "unreasonable, arbitrary, or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149; *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205.

Civ.R. 53(B) allows compensation for a referee's services to be taxed as costs. Civ.R. 54(D) provides that, within the judge's discretion, costs shall be allowed to the prevailing party unless a statute states otherwise.

In determining whether costs where properly taxed under Civ.R. 54(D), this court has adopted a two-part test. *Rice v. Dudick Corrosion–Proof, Inc.* (1989), 57 Ohio App.3d 156, 157, 567 N.E.2d 315, 316. First, the court must distinguish between personal expenses, which are not taxable as costs, and taxable litigation costs, which may be awarded as costs. Second, the court must decide whether a litigation expense should be taxed as a cost in a particular case. *Id.*

■ The compensation of a referee, appointed with the agreement of both parties, is not a personal expense. Personal expenses are those expenses which are expended by a party in preparing a case for trial. *Jones v. Pierson*

(1981), 2 Ohio App.3d 447, 449, 2 OBR 542, 544, 442 N.E.2d 791, 794. Further, Civ.R. 53(B) allows for the taxing of a referee's compensation as costs. See *Apicella v. PAF Corp.* (1984), 17 Ohio App.3d 245, 249–250, 17 OBR 512, 516–517, 479 N.E.2d 315, 319–321.

In applying the second part of this test, the general rule is that costs are ordinarily to be allowed the prevailing party. See Staff Notes to Civ.R. 54(D). While a court has discretion to abandon this general rule, it has been stated that:

"[T]he court's discretion to disallow costs is limited to overruling a motion to tax a litigating expense only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party." *Jones*, 2 Ohio App.3d at 449, 2 OBR at 545, 442 N.E.2d at 795; see, also, *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 46, 25 OBR 118, 119–120, 495 N.E.2d 441, 443–444.

In this case, while the amount of costs may be somewhat unusual, the prevailing parties' conduct was not such as to make the award inequitable. Both parties agreed to referring the case to a referee. Civ.R. 53(B) allows for the taxing of a referee's fees as costs. In this case, there was no abuse of discretion in following the general rule and taxing the costs against the Mrdenoviches. The Mrdenoviches' second assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.