The STATE ex rel. CLIFTON et al., Appellees,

v.

SCHELLING, City Eng.; Sundberg et al., Appellants.

[Cite as *State ex rel. Clifton v. Schelling* (1999), 132 Ohio App.3d 594.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–98–020.

Decided March 31, 1999.

*Max E. Rayle,* for appellees the Cliftons.

*Colin J. McQuade,* for appellees McCann et al.

*David C. Newcomer* and *Michael W. Spangler,* for appellees Smay et al.

*Margaret G. Bell,* for appellees Swank et al.

*David W. Zoll,* for appellants.

---

MELVIN L. RESNICK, Judge.

This is an appeal from a judgment of the Williams County Court of Common Pleas granting appellees' request for a writ of mandamus.

In June 1927, William E. Siders filed a plat of the Roanza Beach Subdivision, which lies along the shore of Nettle Lake, Williams County, Ohio. The subdivision consists of two hundred lots, with fifty-five of these lots bordering the lake. The original plat shows undedicated roads, some providing access to the beach around the lake. In addition, the plat delineates a narrow beach area between the lots of the beachfront owners and the waters of the lake that allows the interior property owners to use the beach and the lake. Only one monument [1] appears on the plat. Moreover, the metes and bounds descriptions in the deeds to lots in the subdivision do not match those laid out in the plat.

As the result of a county sewer improvement project in the early part of this decade, respondent, Walter B. Schelling, the Williams County Engineer, prepared a roadway location survey of the streets and rights of way in the Roanza Beach Subdivision. When the roadway survey was laid over the original plat, the roads cut through several properties and buildings, many structures belonging to one property owner were located on land belonging to another owner, and the lots of the fifty-five beachfront landowners extended into Nettle Lake.

In 1993, some of the property owners in the subdivision filed separate suits seeking resolution of the lot line disputes caused by the latest survey. The cases were consolidated by the trial court, and eventually most, if not all, of the owners of property in the Roanza Beach Subdivision were named parties to the suit. Additionally, in 1994, appellees, joined by some of the other property owners, petitioned the Williams County Commissioners and Walter Schelling pursuant to R.C. 315.29 and 711.31. Appellees asserted:

---

1. " 'A "monument" is a tangible landmark, and monuments, as a general rule, prevail over courses and distances for the purpose of determining the location of a boundary * * *.' " *Broadsword v. Kauer* (1954), 161 Ohio St. 524, 533, 53 O.O. 395, 399, 120 N.E.2d 111, 116, quoting 6 Thompson on Real Property (Perm. Ed.) 519, Section 3327.

"[T]he corner or boundaries of the properties of Roanza Beach have been destroyed and the plat survey has metes and bounds inaccuracies. The under-signed petition to [*sic* ] County Engineer to attend on the ground and establish the corners using the guidelines of Ohio case law requiring a surveyor to locate and mark the prior boundaries from the evidence on the ground and in testimony, and include the lot measurements as shown on the original plat."

As of December 1997, the county engineer had not acted on appellees' petition. Therefore, the Cliftons filed a petition for writ of mandamus asking the court to order Walter Schelling to comply with R.C. 315.28 *et seq.* After a trial on the petition for writ of mandamus, the trial court granted the petition and issued the writ ordering Schelling to establish the corners and lot lines of the Roanza Beach Subdivision, perform a survey of the subdivision, and replat the subdivision.

Schelling did not appeal from the trial court's judgment. Rather, appellants are Larry Sundberg, Dale Bak, and Elizabeth Lipinski, property owners in the Roanza Beach Subdivision. Although they failed to file a notice of appeal and did file a "Brief of Appellee," eleven other property owners agree with arguments in appellees' brief. In addition to the Cliftons, "All Plaintiffs [property owners in the subdivision] in the Trial Court" also filed an appellees' brief. Appellants assert the following assignment of error:

"Was the appointment of the county engineer to resurvey Roanza Beach proper under R.C. § 315.28–30?"

■ The procedural vehicle employed in this case was a petition for writ of mandamus. Mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board, or person, commanding the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station. R.C. 2731.01. For a writ of mandamus to issue, a relator must demonstrate (1) a clear legal right to the relief prayed for, (2) a clear legal duty on the respondent's part to perform the act, and (3) that the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 26–27, 661 N.E.2d 180, 183–184; *State ex rel. Fairfield Leader v. Ricketts* (1990), 56 Ohio St.3d 97, 102, 564 N.E.2d 486, 491–492.

Initially, appellants argue, in essence, that insufficient evidence was offered to show that appellees had a legal right to request and that the county engineer had a legal duty to perform a survey pursuant to R.C. 315.28. Specifically, appellants maintain that there was no evidence that the original plat had monuments set at the corners. Thus, they reason that there are no lost or uncertain corners or lines.

A county engineer is elected every four years, R.C. 315.01, must make all surveys required by law, R.C. 315.14, and "shall perform for the county all duties authorized or declared by law to be done by a registered professional engineer or registered surveyor," R.C. 315.08. R.C. 315.28 provides:

"Any person who owns or is interested in a tract of land within this state, any corner or line of which has become lost or uncertain, or is in danger of becoming lost or uncertain by the removal, destruction, defacement, or perishing condition of any corner, witness or line tree, monument, or other cause, may call on the county engineer of the county in which the land lies to make a survey of such land, and may cause to be planted at any corner, or at proper places in any line thereof, a stone or post, noting particularly the situation and condition of the original corner trees or monuments called for in the original survey, if found, and of all other trees or monuments which it may be important or advisable to note, and of all the places of notoriety over or by which the lines of such survey pass."

▇▇ An original plat is not the same as an original survey. See *Sellman v. Schaaf* (1971), 26 Ohio App.2d 35, 40, 55 O.O.2d 69, 72–73, 269 N.E.2d 60, 64–65. Thus, the fact that the original *plat* in this case displayed only one monument has no relevance to the issue whether appellees provided evidence that the corners or lines in the Roanza Beach Subdivision were lost or uncertain. There was some evidence offered at the hearing that certain "irons" or pins were still in existence at the corners of lots in the subdivision; however, most were uncertain or lost.

▇▇ Furthermore, stakes or irons at the corners of lots are not the only objects that can be used as monuments showing corners. Adjacent owners, trees, fences, stakes, buildings, marked lines, and established corners may be used as corners. 2 McDermott, Ohio Real Property Law and Practice (4 Ed.1988) 116, Section 3–21H. Roads and streets and boundary lines of property may also be used as monuments. *Sanders v. Webb* (1993), 85 Ohio App.3d 674, 680, 621 N.E.2d 420, 423–424. There was competent, credible evidence, as a result of the sewage project survey and prior litigation between the Roanza Beach property owners, that these corners and lines were lost or uncertain.

▇▇ Finally, R.C. 315.28 imposes a duty on the county engineer to conduct a survey only under the circumstances set forth in the instant case, that is, that it appears that the monuments in the subdivision cannot be ascertained at the present time. *Yuhasz v. Mrdenovich* (1992), 82 Ohio App.3d 490, 492, 612 N.E.2d 763, 764–765. Thus, it is the engineer's duty to find the boundaries established by the first surveyor. *Sellman v. Schaaf,* 26 Ohio App.2d at 41–42, 55 O.O.2d at 73–74, 269 N.E.2d at 65–66. If he finds the original monuments, then any later deviation must be decided in favor of the original monuments. *Id.* at 44, 55 O.O.2d at 75, 269 N.E.2d at 67. If the engineer cannot find the original

monuments, then he may use other distinguishing features to determine the boundaries of the lots in Roanza Beach Subdivision. *Id.; Yuhasz v. Mrdenovich,* 82 Ohio App.3d at 492, 612 N.E.2d at 764–765; *Tingler v. Urban* (Aug. 23, 1995), Summit App. No. 17049, unreported, 1995 WL 499779.

■ We therefore find under the facts of this case that R.C. 315.28 confers a legal right on the interested landowners to demand a survey of the Roanza Beach Subdivision and that the Williams County Engineer has a legal duty under that statute to comply with this demand. Although the issue was not raised by the parties or addressed by the trial court, we also conclude that relators had no adequate remedy at law. An adequate remedy is one that is " 'complete in its nature, beneficial and speedy.' " *State ex. rel. Runyan v. Henry* (1986), 34 Ohio App.3d 23, 28, 516 N.E.2d 1261, 1265, quoting *State ex rel. Merydith Constr. Co. v. Dean* (1916), 95 Ohio St. 108, 123, 116 N.E. 37, 41. In the present case, there is no other method by which relators could seek enforcement of the application filed pursuant to R.C. 315.28 *et seq.* Therefore, relators do not have a plain and adequate remedy at law.

Appellants also argue that the trial court erred by authorizing the county engineer to redraw the plat lines because this act is beyond the scope of R.C. 315.28.

R.C. 315.31 mandates that the county engineer, in fulfilling his duty under R.C. 315.28, record the plat and certificate of survey in a book kept by him for that purpose. He is then required, on demand, to deliver the original plat and certificate of survey to the person (in this case, the Cliftons) at whose instance the survey was taken. *Id.* Pursuant to R.C. 315.32, the plat and the certificate shall be evidence in any court in which title of any land to which they apply is affected.

■ Here, portions of the trial court's judgment entry suggest that a proposed unauthorized survey/plat developed by Schelling that shifts the section line in the subdivision 40.5 feet from west to east would definitively reestablish the corners and lines intended in the original plat. We must reiterate that pursuant to R.C. 315.28 and 315.29, the county engineer's first duty is to determine the existence of any original monuments and, if there are any, conform his survey and plat as closely as possible to those original monuments. In any event, under R.C. 315.32, the resulting survey/plat is to be admitted into evidence in any property dispute and considered, along with all other evidence, by the trier of fact. Consequently, to the extent that the trial court's judgment implies that the unauthorized survey/plat completed by Schelling is acceptable under R.C. 315.28 *et seq.* and is dispositive of many of the issues in the underlying case, we must find that those conclusions are error.

Accordingly, appellants' sole assignment of error is not well taken in part and well taken in part. The court's judgment issuing a writ of mandamus is affirmed. To the extent that the trial court's judgment suggests that the unauthorized survey of the engineer is acceptable without compliance with the relevant statutes and that the survey and replat are dispositive of most of the issues in the underlying case, paragraphs eleven and thirteen of the trial court's judgment are reversed. This cause is remanded to the Williams County Court of Common Pleas for execution of the writ of mandamus consistent with the requirements of R.C. 315.28 through R.C. 315.33 and Ohio case law. Appellants shall pay the costs of this appeal.

*Judgment affirmed in part*
*and reversed in part.*

HANDWORK, P.J., and KNEPPER, J., concur.