OPINION
Pro se defendant-appellant, Harjinder Singh, D.V.M., appeals from a judgment in the Clermont County Municipal Court in favor of plaintiff-appellee, William Bowles. We affirm the decision of the trial court.
Appellee brought his three kittens to the Amelia Pet Clinic to have them de-clawed. Appellant performed the surgery on each kitten. A few months after appellant completed the procedure, appellee noticed that the kittens' claws were growing back and their paws had become infected. Appellee lost faith in appellant's treatment and took the kittens to Jeffrey A. Werwa, D.V.M. to have their claws removed for the second time.
Appellee sued appellant for veterinarian malpractice and alleged that appellant negligently treated his kittens. At trial, Dr. Werwa testified that he performs one hundred fifty to two hundred operations to de-claw cats each year and has never had an animal whose claws have grown back after the procedure. Dr. Werwa opined that appellant's standard of care in treating appellee's kittens "fell below the degree of veterinary care in the Cincinnati area."
In his defense, appellant presented affidavits from four veterinarians licensed in Ohio in an attempt to prove that regrowth of claws and other complications occur in about one-half of all cases. Appellant also provided veterinary texts to demonstrate the frequency with which complications occur after a cat has been declawed.
After considering the trial testimony, the magistrate, in a written decision, found that Dr. Werwa's testimony was the most credible. The magistrate further found that appellant negligently de-clawed appellee's kittens. Based on the testimony of appellee and Dr. Werwa, the magistrate awarded appellee $1,121.98 in damages, plus costs. The damage award consisted of $135 for the veterinary service of Dr. Werwa, $486.98 for future veterinary expenses, and $500 for appellee's time and travel expenses incurred in obtaining corrective treatment from Dr. Werwa. The magistrate also found that the Amelia Pet Clinic was jointly and severally liable for the damage award as a result of the agency relationship between the clinic and appellant.
Appellant objected to the magistrate's decision. In his written objections, appellant challenged the magistrate's finding that Dr. Werwa was the most credible witness. Appellant accused Dr. Werwa of perjury and characterized his testimony as "highly objectionable." Appellant maintained that the magistrate failed to properly consider the affidavits and veterinary texts he submitted as evidence. Finally, appellant challenged the magistrate's award of damages.
The trial court affirmed the magistrate's decision. The trial court concluded that the magistrate's reliance on Dr. Werwa's testimony was not misplaced and further, that any misstatements that Dr. Werwa made did not rise to the level of perjury. The trial court found that the magistrate fully considered and weighed all of the evidence at trial in making its decision. As for the appropriateness of the damages award, the trial court noted that appellant failed to provide the court with a complete transcript of the trial. Appellant only provided a transcript of Dr. Werwa's trial testimony. Without a complete record of the trial, the trial court presumed that an evidentiary basis existed for the damages award. From this decision of the trial court, appellant appeals and raises seven assignments of error.
Assignment of Error No. 1:
 The judgment of "$135.00 paid to Dr. Werwa for new procedure is unsupported by preponderance of evidence, and must be reversed. [sic]
Assignment of Error No. 2:
 The Trial Court erred in basing its decision almost entirely on the testimony of Dr. Werwa, disregarding Dr. Werwa's obvious hostility and malice towards Defendant.
Assignment of Error No. 3:
 The Trial Court erred in basing its decision almost entirely on the testimony of Dr. Werwa, disregarding several acts of admitted perjury by Dr. Werwa and his many contradictory statements.
Assignment of Error No. 4:
 Trial Court erred in not dismissing the complaint after Dr. Werwa's testimony of his experiences contradicted allegations made by Plaintiff.
Assignment of Error No. 5:
 Trial Courts [sic] award of $135.00 is not based on any legitimate damages.
Assignment of Error No. 6:
 Trial Courts [sic] award of $486.98 additional veterinary expenses has no legal precedent.
Assignment of Error No. 7:
 Trial Courts [sic] award of $500.00 for time and travel is not based on any legitimate and legal precedent.
Appellant's assignments of error largely fail to present any coherent issue for review. While it is obvious that appellant disagrees with the trial court, appellant does not articulate any legal basis for review.
App.R. 16(A)(7) requires an appellant's brief to contain the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations of the authorities, statutes, and parts of the record on which appellant relies. This court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998), 126 Ohio App.3d 316,321. Although appellant is proceeding pro se, a pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. Kilroy v. B.H.Lakeshore Co. (1996), 111 Ohio App.3d 357, 363.
Notwithstanding appellant's failure to comply with the provisions of App.R. 16(A)(7) we will attempt to address appellant's appeal. It appears that appellant maintains that the decision of the trial court is against the manifest weight of the evidence.
A reviewing court will not reverse a judgment as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. C. E. Morris Co. v. Foley Const.Co. (1978), 54 Ohio St.2d 279, syllabus. Evaluating evidence and assessing its credibility are the primary functions of the trier of fact, not the appellate court. Yuhasz v. Mrdenovich (1992),82 Ohio App.3d 490, 492. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. Thus, an appellate court must not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court. Id. If the evidence is susceptible to more than one interpretation, the appellate court must interpret it consistently with the judgment of the trial court. Id. For these reasons, an appellate court must not disturb a damage award if it is supported by competent credible evidence. Arrow Concrete Co. v. Sheppard (1994),96 Ohio App.3d 747; Baum v. Augenstein (1983), 10 Ohio App.3d 106.
Appellee sued appellant for veterinarian malpractice. In order to establish negligence by a veterinarian, appellee must show "that the injury complained of was caused by the doing of a particular thing that a veterinarian of ordinary skill, care and diligence would not have done under like or similar circumstances, or by the failure or omission to do some particular thing that such a veterinarian would have done under like or similar circumstances." Turner v. Sinha (1989) 65 Ohio App.3d 30, 35.
Appellant has only provided this court with a transcript of Dr. Werwa's trial testimony, failing to provide this court with a complete transcript of the trial. Absent an adequate record, an appellate court normally must presume the regularity of the proceedings below and the validity of the judgment of the trial court. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7; Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Where an appellant claims that a judgment is against the weight of the evidence, but provides an incomplete trial transcript, the appellate court must presume that the trial court properly weighed the available evidence. Hartt, 67 Ohio St.3d at 7.
Since appellant has only provided this court with the same incomplete transcript he provided to the trial court, we can only presume that the magistrate properly weighed the available evidence prior to rendering a judgment for appellee. Further, inasmuch as appellant challenges the credibility of Dr. Werwa, evaluating witnesses and assessing their credibility are not the functions of this court. Finally, we disregard any remaining arguments appellant may have intended to raise in his assignments of error because the arguments in support of the assignments of error fail to comply with App.R. 16(A)(7). Accordingly, appellant's assignments of error are overruled.
WALSH and VALEN, JJ., concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Clermont County Municipal Court for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 ___________________________________ Stephen W. Powell, Presiding Judge
James E. Walsh, Judge, Anthony Valen, Judge